# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| PERFECT KETO, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 8:21-cv-01295 |
| v. ) | |
| ) | Jury Trial Demanded |
| UNIVERSITY OF SOUTH FLORIDA ) | |
| BOARD OF TRUSTEES, ) | |
| UNIVERSITY OF SOUTH FLORIDA ) | |
| RESEARCH FOUNDATION, INC. ) | |
| and ) | |
| AXCESS GLOBAL SCIENCES, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff Perfect Keto, LLC ("PK") hereby brings this Complaint against Defendants University of South Florida Board of Trustees ("USF"), University of South Florida Research Foundation, Inc. ("USFRF") and Axcess Global Sciences, LLC ("Axcess") and alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the Patent Laws, 35 U.S.C. § 1 et seq. PK seeks a judicial declaration of non-infringement and invalidity of U.S. Patent No. 10,646,462 for Compositions and Method for Producing Elevated and

1

Sustained Ketosis ("the '462 patent"). PK also asserts Texas state law claims seeking compensation for damages arising out of Axcess' tortious interference with PK's business.

## THE PARTIES

2. PK is a Delaware Limited Liability Corporation with its principal place of business at 1800 East 4th Street, Unit 101, Austin, TX 78702.

3. USF is a public body responsible for governing the University of South Florida and its several campuses, and maintains its principal place of business at 4202 East Fowler Avenue, Tampa, FL 33620.

4. USFRF is a not for profit corporation formed under Chapter 617 Florida Statutes, and a direct support organization of the University of South Florida pursuant to 1004.28 Florida Statutes. USFRF has its principal place of business at 3802 Spectrum Boulevard, No. 100, Tampa, FL 33612.

5. Pursuant to the public records of the U.S. Patent Office, at Reel/Frame 04069/0797, the '462 patent inventors assigned their rights in the '462 patent to USF on June 5, 2017.

6. Upon information and belief, USF granted to USFRF a royalty-free, exclusive license, including the right to sublicense, to the '462 patent that included the rights to make, have made, develop, use, lease, import, export, offer to sell, sell and have sold, the invention claimed in the '462 patent ("USF-USFRF License").

7. Pursuant to rights granted to it by the USF-USFRF License, USFRF granted Axcess Global an exclusive license to the '462 patent, including the right to sublicense, as part of an August 31, 2017 Standard Exclusive License Agreement With Sublicensing Terms. ("USFRF-Axcess License").

8. The USFRF-Axcess License includes a provision requiring all notices required under the license be sent to Axcess at an address in St. Petersburg, Florida, which is within this District.

9. The USFRF-Axcess License includes a choice of law provision identifying Florida law as the controlling law.

10. Upon information and belief, Axcess is a Utah Limited Liability Company with its principal place of business at 2157 South Lincoln Street, Salt Lake City, UT 84106.

## JURISDICTION AND VENUE

11. PK brings this action under Title 35 of the United States Code, and under 28 U.S.C. §§ 2201 and 2202, to obtain a judicial declaration of non-infringement and invalidity of the '462 patent. Accordingly, this matter is within the Court's original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. PK's claim against Axcess for tortious interference with business relations falls within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) insofar as Axcess' unjustified filing of patent infringement complaints

with Amazon.com has interfered with PK's lawful business relations, including specifically its ability to sell its products via Amazon.com. Accordingly, PK's state law claim is so related to its claims for declaratory judgment of non-infringement and invalidity of the '462 patent that the form part of the same case or controversy under Article III.

13. This Court has personal jurisdiction over USFRF insofar as it is a Florida nonprofit corporation with its principal place of business within this District.

14. This Court has personal jurisdiction over Axcess insofar as it entered into the USFRF-Axcess License in this District and directed all notices required by the USFRF-Axcess License be delivered to Axcess within this District.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3).

## BACKGROUND

16. PK develops and markets healthy snacks and nutritional products that benefit consumers seeking to increase their health and lose weight as part of a "keto" diet.

17. PK markets its products through multiple channels, including Amazon.com.

18. PK recently negotiated with multiple parties to sell all of its assets, and has entered into an asset sale agreement with a third party that has not yet closed.

19. Axcess is one of the parties with which PK negotiated but PK entered into an asset sale agreement with another party.

20. Axcess knows that Amazon.com is an important channel for PK's marketing and sales of its products.

21. When Axcess and PK did not reach an agreement, one of Axcess' founders threatened, in communications to PK's founder, that Axcess would "shut [PK's] skus down"; asserted that PK has "4 products that are violating [Axcess'] patents that [PK] will have to stop selling immediately"; and asserted that Axcess "own[s] all the IP in this space and we are going to enforce it."

22. Axcess has alleged in complaints to Amazon.com that two of PK's products, Perfect Keto Nootropic Brain Supplement and Perfect Keto Perform Pre Workout Powder, infringe the '462 patent.

23. As a result of Axcess' complaints, Amazon.com has removed listings of PK's products from sale on the Amazon.com website.

24. Neither PK's Perfect Keto Nootropic Brain Supplement product nor its Perfect Keto Perform Pre Workout Powder product infringe any claim of the '462 patent at least because neither product contains any beta-hydroxybutyrate monomer salt mixture, which is an element of every claim of the '462 patent.

25. Axcess' actions have harmed, and will continue to harm, PK through Axcess' improper assertion of the '462 patent to cause Amazon.com to remove PK's product listings from sale on the Amazon.com website.

26. Amazon.com will not allow PK's de-listed products to be re-listed without a court order.

27. As a direct and proximate result of Axcess' wrongful conduct, PK has been damaged not only by the prevention of the sale of its Perfect Keto Nootropic Brain Supplement and its Perfect Keto Perform Pre Workout Powder products on Amazon.com but also related products that are typically purchased with one or both of these products.

**COUNT I:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

28. PK realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

29. As a result of the acts set forth herein, there is a substantial controversy between PK, on the one hand, and the Defendants, on the other hand, that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

30. A judicial declaration is necessary and appropriate so that PK may definitively establish its rights with respect to the sale of its products in view of the '462 patent.

31. Such a determination is further necessary to bar Defendants from continuing to misuse the '462 patent through assertions of infringement by PK made to third party retailers such as Amazon.com and convincing such third-

party retailers to remove PK's products from their websites and other sales channels.

32. Upon information and belief, Defendants know or should have known that PK's products do not infringe any claim of the '462 patent.

33. However, Axcess intentionally approached Amazon.com only after Axcess and PK did not reach an agreement to sell PK's assets to Axcess, and filed complaints to remove PK's products even though those products do not infringe the '462 patent.

34. The complaints filed by Axcess with Amazon.com continue to result in PK's products being unavailable on Amazon.com, and this situation will continue until PK is able to provide Amazon.com with a judicial declaration showing that the '462 patent is not infringed and/or invalid.

35. Defendants' conduct makes this case an exceptional one, entitling PK to an award of its reasonable attorneys' fees and costs.

36. PK is entitled to a declaratory judgment that it does not infringe directly or indirectly, literally or under the doctrine of equivalents, any claim of the '462 patent.

### COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

37. PK realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

38. The '462 patent claims recite compositions and methods for inducing ketosis, suppressing appetite, or promoting weight loss in a mammal, with the compositions comprising mixtures of (i) a medium chain fatty acid or ester thereof, and (ii) a beta-hydroxybutyrate ("BHB") monomer salt mixture made up of various specified BHBs in specific mixtures and amounts, and the methods reciting administration of the foregoing compositions.

39. Compositions for inducing ketosis, suppressing appetite, or promoting weight loss in a mammal, comprising mixtures of (i) a medium chain fatty acid or ester thereof, and (ii) a beta-hydroxybutyrate ("BHB") monomer salt mixture made up of various specified BHBs in specific mixtures and amounts were disclosed in publications that were published at least as early as 1990, which were not considered by the U.S. Patent Office during prosecution of the '462 patent.

40. Such publications also disclosed to persons of ordinary skill in the art administering such compositions to achieve the goal of inducing ketosis, suppressing appetite, or promoting weight loss in a mammal.

41. Such prior art publications render the '462 patent claims invalid under 35 U.S.C. §§ 102 and/or 103.

**COUNT III: TORTIOUS INTERFERENCE WITH CONTRACT BY AXCESS**

42. PK realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

43. PK has had a contract with Amazon.com pursuant to which PK has been permitted to sell its products, including without limitation Perfect Keto Nootropic Brain Supplement and Perfect Keto Perform Pre Workout Powder, on the Amazon.com website in exchange for a fee per sale ("Amazon Contract").

44. The Amazon.com contract is valid and enforceable.

45. Axcess was aware of the Amazon Contract as a result of its negotiations with PK regarding a potential corporate transaction, and because Axcess sells products on Amazon.com through its affiliate Real Ketones, which provided Axcess information regarding Amazon's terms and conditions relating to sellers such as PK.

46. Axcess willfully, intentionally and unjustifiably induced Amazon.com to breach its contract with PK and prevent PK from selling its products on Amazon.com by making false claims of patent infringement against PK.

47. Axcess actively persuaded and encouraged Amazon.com to prohibit PK from selling its products on the Amazon.com website by filing multiple complaints with Amazon.com alleging that PK's products infringe the '462 patent.

48. Amazon.com did breach its contract with PK by preventing PK from selling its Perfect Keto Nootropic Brain Supplement and Perfect Keto Perform

9

Pre Workout Powder products on the Amazon.com website without valid reason, as a result of Axcess' wrongful conduct.

49. Pursuant to Texas state law, PK has suffered damages as a result of Axcess' wrongful conduct at least insofar as it has been prevented from selling all of its products through Amazon.com and has lost sales of its Perfect Keto Nootropic Brain Supplement and Perfect Keto Perform Pre Workout Powder products and related products as a result of Axcess' tortious misconduct.

### COUNT IV:  TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE BY AXCESS

50. PK realleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

51. PK has had a business relationship with Amazon.com whereby PK has been permitted to sell its products, including without limitation Perfect Keto Nootropic Brain Supplement and Perfect Keto Perform Pre Workout Powder, on the Amazon.com website in exchange for a fee per sale.

52. PK reasonably expected that it would continue to sell all of its products, including without limitation Perfect Keto Nootropic Brain Supplement and Perfect Keto Perform Pre Workout Powder, on the Amazon.com website.

53. Axcess was aware of PK's business relationship with Amazon.com as a result of its negotiations with PK regarding a potential corporate transaction, and because Axcess contacted Amazon.com regarding PK's products being sold

on the Amazon.com website, which shows that Axcess knew that PK expected to continue selling its products on the Amazon.com website.

54. Axcess willfully, intentionally and unjustifiably induced Amazon.com to partially terminate the business relationship between Amazon.com and PK and PK's expectancy that the relationship would continue in full, and to prevent PK from selling its products on the Amazon.com website by making false claims of patent infringement against PK.

55. Axcess actively persuaded and encouraged Amazon.com to prohibit PK from selling its products on the Amazon.com website by filing multiple complaints with Amazon.com alleging that PK's products infringe the '462 patent.

56. Amazon.com did partially terminate its business relationship with PK and prevent PK from selling its Perfect Keto Nootropic Brain Supplement and Perfect Keto Perform Pre Workout Powder products on the Amazon.com website without valid reason, as a result of Axcess' wrongful conduct.

57. Pursuant to Texas state law, PK has suffered damages as a result of Axcess' wrongful conduct at least insofar as it has been prevented from selling all of its products through Amazon.com and has lost sales of its Perfect Keto Nootropic Brain Supplement and Perfect Keto Perform Pre Workout Powder products and related products as a result of Axcess' tortious misconduct.

**PRAYER FOR RELIEF**

**WHEREFORE,** PK respectfully prays for this Court to enter an Order granting the following relief on the claims set forth herein and against Defendants, University of South Florida Board of Trustees, University of Florida Research Foundation, Inc., and Axcess Global Sciences, Inc.:

(a) A declaration that PK's Perfect Keto Nootropic Brain Supplement and Perfect Keto Perform Pre Workout Powder products do not infringe directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '462 patent;

(b) A declaration that all claims of the '462 patent are invalid;

(c) A declaration that this is an exceptional case and that PK is the prevailing party, awarding PK its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, and its costs;

(d) An injunction enjoining Defendants and those acting in concert with them from alleging to third parties that PK's products infringe any claim of the '462 patent so as to induce removal of such products from any marketing and/or sales channels;

(e) An award sufficient to compensate PK for Axcess' tortious conduct; and

(f) Such other and additional legal and equitable relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff, Perfect Keto, LLC, demands a jury trial on all issues triable by jury.

Dated: May 27, 2021

/*Woodrow H. Pollack*/
Woodrow H. Pollack
Lead Counsel
Fla. Bar No.: 026802
**SHUTTS & BOWEN, LLP**
4301 W Boy Scout Blvd, Suite 300
Tampa, Florida 33607
(813) 463-4894
wpollack@shutts.com

Kevin J. O'Shea
**OShea Law LLC**
1744 Ridge Road
Jackson, MO 63755
(573) 388-2296
koshea@oshealawllc.com
*Motion for Special Admission Forthcoming*

*Attorneys for Plaintiff*